FRANKLIN SMITH *versus* ANSON P. MORRILL *& al.*

During a lumbering operation upon his own land, the plaintiff's servants cut over the well known line between his land and that of the defendants. Thereafterwards, the plaintiff, having learned the facts, intermingled the timber cut from the different lands, put the same mark upon it, drove it, boomed it and rafted it for sale. Thereupon, the defendants, not being able to identify the timber cut from their land, but with a *bona fide* intention to take their own timber, actually took more. In trover, for the value of the excess; — *Held*, that the defendants would not be liable as wrongdoers, until the plaintiff had pointed out his property and demanded it of them.

ON REPORT.

TROVER, for a quantity of logs alleged to have been converted by the defendants in 1860. The writ is dated November 6, 1863.

There was evidence tending to show that, in the winter of 1858 — 9, the plaintiff lumbered on his township, called Holeb, adjoining which was the township called Forsyth, owned by the defendants; that the line between the townships was well marked and known to the plaintiff and his servants; that, during the operation, the plaintiff's servants, having cut all his timber accessible without removal of camps, breaking new roads, &c., intentionally and, without the knowledge or consent of the defendants, went upon the township of Forsyth, finished their operation thereon, hauled the logs to the same landing and marked them with the same mark; that subsequently, after the plaintiff had

learned all the facts of the trespass, together with the quantity of logs cut on Forsyth, from the return of his scaler, he caused the whole quantity to be put into the river, driven to Gardiner, caught, boomed, and rafted for sale, thus intermingling the logs in such a manner as to render it impracticable to separate those cut on Forsyth from those cut on Holeb ; that the defendants, having no means of determining the quantity of logs cut on their land, seized a quantity which they deemed sufficient to cover their loss ; that the plaintiff never, until the time of trial, informed the defendants of the quantity cut on Forsyth, although he had the means of doing so as early as April, 1859 ; that the defendants requested such information of the plaintiff, but did not receive it.

The Court were to render such judgment as the legal rights of the parties required, upon the legal evidence reported.

*S. Heath*, for the plaintiff.

*A. Libbey*, for the defendants.

APPLETON, C. J.—The plaintiff and defendants were owners of adjacent townships. The plaintiff trespassed upon the defendants' land, — cutting thereon a considerable quantity of logs, which were marked similarly to those cut on his own land, and were run with them to Gardiner.

The defendants having ascertained that the plaintiff had trespassed upon their land, seized a portion of the logs thus commingled, as cut on their premises, and more, as the plaintiff alleges, than were so cut. This action is brought to recover such excess.

As the plaintiff was a trespasser, the defendants had a legal right to seize the logs cut on their land wherever they could find them. Their title thereto was as perfect as if cut by themselves.

It was the fault of the plaintiff that they were so mingled by him or his agents with his logs so that they could not be

distinguished from them. The plaintiff must suffer from the consequences of this confusion.

By the common law, where an intermixture of goods is fraudulently made without the knowledge of the owner, and they cannot be separated and identified, the latter is entitled to the whole property without making satisfaction to the former for his loss. In *Bryant* v. *Ware*, 30 Maine, 295, where lumber was cut upon two tracts of adjoining owners, by a trespasser, and the whole was so intermixed by him, or persons claiming under him, that the part belonging to each owner could not be distinguished, and the owner of one tract seized and took possession of the whole, — it was held, that one claiming under the wrongdoer could not maintain an action of trespass for such taking.

But the defendants seized only a portion of the logs cut by the plaintiff. Waiving, therefore, their right to all, if they had such right in the present case, the question arises, whether they are liable as wrongdoers, if they seize more logs than, as it is ultimately shown, were cut on their land. It has been repeatedly held that an officer has a right to attach the goods of another, negligently or fraudulently intermixed with those of the debtor, and hold them until they were identified by the owner and re-delivery demanded; that he could not be treated as a trespasser for doing what he had a right to do; and that, if after identification and demand for re-delivery, he refused to give up the goods, he would be liable for their value in trover, but that trespass could not be maintained for the original taking. *Bond* v. *Ward*, 7 Mass., 127; *Shumway* v. *Rutter*, 8 Pick., 443; *Willard* v. *Rice*, 11 Met., 493; *Lewis* v. *Whittemore*, 5 N. H., 366; *Taylor* v. *Jones*, 42 N. H., 36. So here the defendants had a right to seize their own logs. It was by the wrongdoing of the plaintiff that they were cut, marked and intermingled with his own. The plaintiff knew the number and kind of logs cut on the defendants' land. The defendants were ignorant of all this, and were never informed thereof by the plaintiff, as they testify, till the time of the tri-

al. They seized what they regarded as the number of logs cut on their land. If they seized logs not so cut, the plaintiff should have notified them of such fact and pointed out the specific logs he claimed, if it was in his power so to do. If they took more than they had a right to take, he should have advised them of the exact amount of his own trespass. He cannot claim that they are wrongdoers, when they rightfully seized their own logs, wrongfully commingled by him with those cut on his land. This they clearly had a right to do. *Bryant* v. *Ware*, 30 Maine, 295. The party wrongfully intermingling his goods with another's cannot reclaim them without first pointing them out. *Seavy* v. *Dearborn*, 19 N. H., 351; *Gilman* v. *Sanborn*, 36 N. H., 311. So, too, if the defendants, acting in good faith, took more logs than the plaintiff had cut on their land, having a right to take all logs cut by trespassers, they would not be liable as wrongdoers until the plaintiff had pointed out the property belonging to him, and demanded it of them, which the defendants say was never done. It must be remembered that, if the plaintiff suffers, it is in consequence of his own wrongful acts. The defendants were acting for the protection of their acknowledged rights. *Judgment for defendants.*

KENT, WALTON, DANFORTH and TAPLEY, JJ., concurred.