ERIC PETERSON v. ALICE H. POLK.

1. REPLEVIN.   *Confusion of goods.   Seizure of part of common lot.*
   Where one person unlawfully cuts the timber of another and converts the same into staves, which he mingles with others of like character, the owner, not being able to identify his property, may maintain replevin against the wrongdoer for part of the common lot equal to the number of staves taken from his land.

2. MEASURE OF DAMAGES.   *Wilful trespass.*
   In such case, when the defendant gives bond and retains the property, on a recovery by the plaintiff, if it appears that the defendant wilfully and knowingly cut plaintiff's trees, or negligently omitted reasonable precautions to ascertain the ownership, the measure of recovery is not the value of the trees but the value of the staves at the time and place of seizure under the writ.

3. SAME.   *Innocent taking.   Instruction criticised.*
   It was announced below that if the trees were taken through an innocent mistake, the measure of damages would be the value of the staves, less the cost of cutting, hauling, and converting the timber. This is not approved; but what the rule is in such case, and whether the *dictum* in *Heard* v. *James*, 49 Miss. 247, is correct, the court does not decide, since the defendant has no cause to complain of the verdict that was rendered.

4. INSTRUCTION UNNECESSARY.   *Properly refused.*
   If the court is asked to instruct the jury that the burden of proof as to a certain point is on the opposite side, and the evidence in support of such point is so conclusive as not to leave the question debatable, it is proper to refuse the instruction.

FROM the circuit court of Warren county.

HON. RALPH NORTH, Judge.

Appellant, Peterson, who had been engaged for several years in getting out staves along Big Black river in Warren and adjoining counties and shipping them to New Orleans, purchased timber on the Elmore place adjoining the plantation of Mrs. Polk, the appellee, in said county. He applied several times to W. L. Polk, the husband of appellee, who managed her plantation, to buy certain white oak trees growing on the place suitable for making staves, and was refused. As the timbered land on the two places

was adjoining, he asked Polk to run the dividing line. But Polk said this was unnecessary, and referred him to Stuart, an old colored man, who he said would point out the line. This old man lived on the Elmore tract, but cultivated land on both places, and was familiar with the lines. In declining to sell the timber Polk was emphatic, and he warned Peterson not to cut any of the trees on his land. Peterson applied to Stuart, who attempted to point out the boundary line, and, thereupon, starting at a designated corner, he ran a line, as he claimed, between the two places with a small pocket compass, making no allowance for the variation of the needle. This line he blazed out for the guidance of his men, and they cut no timber except west of it on the side of the Elmore tract. He was not a surveyor, and took only the precautions stated to fix the boundaries. The line as thus run was east of the true line about one hundred yards. The appellant cut eleven valuable white oak trees on the land of Mrs. Polk and converted them into staves, which he placed on a barge in the river with a large number of other staves of like character. The appellee then learning for the first time that the trees had been cut on her land, sued out a writ of replevin for the seizure of five thousand staves, the estimated number made from her trees. As the particular staves could not be identified, a levy was made on five thousand of the common lot. The defendant gave bond for the forthcoming of the property according to the statute and proceeded to New Orleans, where he sold all the staves on his barge at an average of $176.68 per thousand of twelve hundred each. On the trial the plaintiff established her right to four thousand one hundred and nineteen staves.

The testimony for the plaintiff showed that the division line between the two places was plainly marked by an old fence row, and that this line was pointed out to Peterson, but there was conflict as to the last point. A map of the lands was introduced in evidence by plaintiff, but no survey of the premises had been made. The boundary line between the places had been established and recognized many years.

The testimony was not definite as to the cost of shipping and

selling the staves in New Orleans. It was shown that the cost of cutting and hauling was about $5.50 per thousand, and that they were worth about $90 a thousand on the river bank. Defendant offered to show the value of the trees standing, but the evidence was excluded.

The court instructed the jury to find for plaintiff and assess her damages. As to the measure of damages, the following instruction was given at plaintiff's instance:—

" 2. In assessing plaintiff's damages the jury must be governed by the following rule: that· is, if the jury believe from the evidence that defendant cut plaintiff's trees by mistake and in good faith, believing that they belonged on land not plaintiff's, then the measure of the damages is the value of the staves made from the trees, less the costs of cutting and hauling and reducing the timber to staves. But if the jury believe from the evidence that the defendant wilfully and knowingly cut plaintiff's trees, or, knowing that he was near the line of plaintiff's land, negligently omitted to take such reasonable precautions as might have enabled him to ascertain whether or not they were plaintiff's trees, then the jury must assess the damages at the value of the staves at the time and place they were seized by the officer; and it makes no difference whether the particular staves levied on were made from the trees cut on plaintiff's land or not, if the jury believe from the evidence that the defendant mixed these up with many other staves of his own, and was unable to designate those made of plaintiff's trees, and the officer seized part of the whole mass thus constituted."

The first instruction asked by defendant was to the effect that the jury could only find for the plaintiff the market value of the trees, if they believe the defendant cut the trees through mistake.

The defendant's second and third instructions announced that the burden of proof was upon the plaintiff to show to the satisfaction of the jury that the staves in controversy were cut on her land, and that if this was not done, the verdict should be for the defendant. All of defendant's instructions were refused.

The jury returned a verdict in favor of plaintiff for four thou-

sand one hundred and nineteen staves, valued at four hundred dollars, and judgment was entered accordingly.

Defendant made a motion for a new trial, which was overruled, and a bill of exceptions was taken embodying the testimony in the case, the substance of which is above stated.

*Gibson & Bien,* for appellant.

We were not present at the trial of this case, and must present our views from a careful reading of the record.

1. The first instruction which directed the jury to find for plaintiff was erroneous. Its meaning is that the jury should find for plaintiff as to each and all of the eleven trees. With a dispute as to the line, and without a survey, the court assumed that Polk's location of it was correct, and that all the trees were cut on plaintiff's land. This should have been left to the jury. A dangerous tendency of the judges to invade the province of the jury is every day becoming more manifest.

Here the evidence was not definite and explicit enough to warrant the court in saying that all of the trees or any of them, or the staves made therefrom, were the property of plaintiff. It was wrong to withdraw this question of fact from the jury. *Thrasher* v. *Gillespie,* 52 Miss. 840.

2. The second instruction should not have been given. If any of the trees were cut on plaintiff's land, it is clearly shown that it was the result of an honest mistake. There was no wilful trespass. Defendant did all he could to ascertain where the line was and to avoid cutting trees on the land of plaintiff. The charge is misleading, and tends to confusion and injustice. *Myers* v. *Farrell,* 47 Miss. 282.

Under this instruction the case against the defendant was made more onerous if he cut the trees through an innocent mistake, than it would be if the jury believed he was guilty of a wilful trespass.

3. There was nothing to support an instruction as to a wilful trespass. The evidence showed that the defendant made an honest mistake. *Kinnare* v. *Gregory,* 55 Miss. 623 ; *Adams* v. *Power,* 48 Ib. 451 ; *McCall* v. *Nave,* 52 Ib. 494.

We urge upon the court the harshness of the rule that would give punitive damages for mere negligence or mistake. The general rule of damages is the value of the property at the time and place taken. *Spencer* v. *Vance,* 57 Mo. 427; 65 Barb. (N. Y.) 227; 44 Md. 47; 104 Mass. 259; 19 Fla. 43; 45 Am. R. 1; 106 U. S. 432.

The highest price stated for the staves on Big Black river, where they were seized, was ninety dollars per thousand of twelve hundred. At this rate the verdict would have only been for $302.92.

In replevin the measure of damages is the same as in trespass. *Heard* v. *James,* 49 Miss. 236. In that case the court says that if the conversion is in good faith, the rule is to allow the defendant for whatever value his labor actually conferred upon the property.

The mere failure to exercise the greatest diligence will not be considered as meriting punishment. 38 Texas, 456; 54 N. H. 490; 3 McLean (U. S.), 171; 15 Lea (Tenn.), 479; *Tilden* v. *Johnson,* 52 Vt. 628; s. c. 36 Am. R. 769; Wells on Replevin, §§ 621–2.

*Dabney, McCabe & Anderson,* for appellee.

1. The first instruction only directed the jury to find for plaintiff, but did not specify to what extent. It would have been competent and proper, under the evidence, for the court to direct the jury in terms to find for plaintiff as to all the trees.

2. The second instruction is within the rule laid down in *Heard* v. *James,* 49 Miss. 236, cited and approved in *Woodware Co.* v. *U. S.,* 106 U. S. 432.

This is not a suit for damages. The title to the staves remained in plaintiff, and the action was for their recovery, not for trees; therefore the value of the trees was not involved.

3. The verdict was for less than plaintiff was entitled to recover, and therefore appellant has no cause to complain.

The rule allowing deductions is in defendant's favor. If we deduct the expenses from what he actually *received,* he cannot ask for more. He sold the staves for $176.68 per thousand of twelve hundred each. On this basis the actual receipts amounted to $209.54 more than the jury gave us. This sum was allowed for expenses, though the proof as to expenses was vague and indefinite.

4. The testimony shows a wilful trespass. Peterson took all the chances of getting away without being caught.

But a negligent omission to take reasonable precautions to avoid going on the land of another is equivalent to a wilful trespass. Especially is this true, when one knows he is near the line, and is put on inquiry and cautioned.

COOPER, J., delivered the opinion of the court.

If by the second and third instructions asked by the defendant, and refused by the court, it was intended to affirm that the particular staves seized by the sheriff must be shown to have been made from the timber cut on plaintiff's land, the action of the court in refusing to grant them was proper. The defendant had mingled the staves claimed by plaintiff with others of like character, and it was impossible to separate them. He cannot impose upon the plaintiff the obligation to identify her own under such circumstances.

If, on the other hand, the purpose of these instructions was to inform the jury that the burden of proof was upon the plaintiff to show that the trees, from which the staves were made, stood on her land, they were properly refused, because the evidence on this point was so conclusive as not to leave the question debatable.

In affirming the judgment we are not to be held as approving the rule announced by the court below for the measurement of damages in those cases in which the defendant has innocently added value to the personal property of the plaintiff by his work and labor. The defendant in this case has no just cause of complaint; but whether the plaintiff is under such circumstances bound to make allowance for such work we do not decide. In *Heard* v. *James*, 49 Miss. 247, there is a dictum to this effect; whether it is the law we are not now called on to say.

*Judgment affirmed.*