## DELOS A. BLODGETT ET AL. *v.* GEORGE S. SEALS.

1. LAND. *Deed. Trespasses. Assignment.*

> The grantee in a deed conveying only title to land cannot maintain trespass as assignee of the grantor.

2. SAME. *Board of trustees of Alcorn A. & M. College.*

> The board of trustees of Alcorn Agricultural and Mechanical College can only assign a cause of action for trespass to land by appropriate action taken in open session and entered on its minutes.

3. REPLEVIN. *Commingling of property. Purchaser.*

> When a wrongdoer intentionally commingles the goods of another with his own, so that they cannot be distinguished, the owner is entitled to select from the mass the quantity so wrongfully commingled, and may maintain replevin therefor against the wrongdoer or a purchaser from him.

FROM the circuit court, second district, of Marion county. HON. THADDEUS A. WOOD, Judge.

Blodgett and another, appellants, were the plaintiffs in the court below; Seals. appellee, was defendant there. The action was replevin for logs. A large part of them were cut by defendant's vendor from lands belonging to the Alcorn Agricultural and Mechanical College, before plaintiff purchased it from the college authorities. The logs from six trees, however, were so cut from land which belonged, at the time of the cutting, to plaintiffs. The other facts are stated in the opinion of the court.

*Mayson & Dale,* for appellants.

There can be no doubt as to the appellants' right to recover; the only question is as to the extent. Should the court hold that as to the logs cut and removed from the school lands the appellants had no right, it will at least hold that as to the timber cut and removed from the land which they owned since

1888, they had an undoubted right to recover. The material question in controversy is as to the respective rights of two or more persons owning property of a like kind mingled in a common mass, so that neither can identify with certainty the specific property belonging to himself. See extended note to *Pulcifer* v. *Page*, 14 Am. Dec., 583, where the whole subject is fully discussed. The common law doctrine of the confusion of goods is so well established in this state that this court in a recent case did not consider it worth while to re-announce the doctrine. *Bond* v. *Griffin*, 74 Miss., 599.

In *Woodenware Co.* v. *United States*, 106 U. S., 232, the court, speaking through Mr. Justice Miller, among other things said: "It is also plain that by a purchase from the wrongdoer defendant did not acquire any better title to the property than his vendor had; on the contrary it is a case to which the doctrine of *caveat emptor* applies."

The testimony of witnesses Williams and Hemphill was improperly excluded. The logs were personal property and needed no writing to support the transfer to appellant. The trustees of the college had a right to make such disposition of the logs as they saw proper. *Abbay* v. *Billups*, 35 Miss., 618; 1 Dillon Mun. Corp., sec. 450 and cases cited; sec. 5, ch. 19, acts 1878.

*J. R. Tally* and *Mounger & Mounger*, for appellee.

The court properly ruled out the testimony of Williams because it did not show a contract between the board of trustees and the purchasers by which the purchasers were given the right to sue for trespasses; he says it was talked, not formally acted upon. When made to specify, he says it was talked between himself and Hemphill. It was positively shown that the subject of trespasses on the land was not put before the board, was not called to their attention, nor was it the subject of their consideration at any time.

The law of confusion of goods is not new or difficult to understand. The trouble with plaintiffs was that they did not prove a confusion, and therefore never arrived at the point to invoke the doctrine.

TERRAL, J., delivered the opinion of the court.

We think the appellants show no right to recover for the logs made from the thirty-four trees cut off the school lands. No sufficient action was taken by the board of trustees of the Alcorn Agricultural and Mechanical College to pass any right to appellants for any trespasses committed upon the lands sold previous to the sixteenth of December, 1899, when sold to them. The property rights vested for management in public boards can only be passed by them by appropriate action taken in open session and by a majority vote of those present.

The board here did not consider an assignment of its claims for previous trespasses upon the land sold by it, and expressed no intention to make such an assignment. Such assignment, if made, could be evidenced only by its minutes to that effect. Here only some random talk was had with or between the members of the board or of its executive committee, and that is so indefinite that no claim of an assignment or the right of assignment can be predicated of it. The sale of the land gave title to the land only, and not to any rights of action for former trespasses. upon it. The plaintiffs, however, should have recovered for the other logs sued for, because McCarty, Seal's vendor, had intentionally mixed his own logs with the logs from the six trees cut from appellant's land, and thereby bestowed upon the appellants the right of selecting the quantity due them. 2 Kent's Com., *365, note 1c, *Chandler* v. *DeGraff*, 25 Minn., 88.

Where a wrongdoer has intentionally mixed the goods of another with his own, so as to be indistinguishable from his own, such other has the right to select the quantity due him from those with which they are confused or intermingled, and

the innocent purchaser from the wrongdoer gets no greater right.    *Strubble* v. *Trustees*, 78 Ky., 481; *Jewett* v. *Dringer*, 30 N. J. Eq., 304, note.

*The judgment is reversed, and a new trial is awarded.*