SOUTHERN PACKAGE CORPORATION *v.* KRAUSS *et al.*

(Division B. April 18, 1938. Suggestion of Error Overruled May 16, 1938.)

[180 So. 399. No. 33059.]

W. S. Henley, of Hazlehurst, for appellant.

Luther A. Whittington, of Natchez, and **Corban & Corban**, of Fayette, for appellees.

Argued orally by **W. S. Henley**, for appellant, and by **Luther A. Whittington**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

It is undisputed that about 100,000 feet of hardwood timber was cut and hauled from the lands of appellees and that the cutting was done during the months of August and September, 1935. It is sufficiently shown that this was done by one J. T. McLemore, and that he was without right or title. It is also shown, without dispute, that appellant bought from McLemore 49,155 feet of hardwood timber during the period from August 16, to December 7, 1935, about one-half of this amount having

been delivered to and bought by appellant in November and December.

The suit is by appellees, as complainants in the trial court, against appellant, as one of the defendants there, to recover the value of the timber bought by appellant, as aforesaid, and the issue in dispute is whether the timber came from the lands of appellees, or, if a part thereof, how much. On this issue the burden of proof was on the complainants, appellees here, to show with a reasonable degree of certainty that the timber bought by appellant was taken from appellees' land. This proof may be made either directly, as, for instance, by a witness or witnesses who hauled the timber from the land to the party charged with its conversion, or who saw it hauled; or circumstantially, by showing that the trespasser and pretended seller had no available supply of timber, within a reasonable distance, from which he could have obtained the timber, other than from the trespassed lands.

But appellees made no such proof. All the proof made by appellees is substantially stated in the first paragraph of this opinion. As best we can make out from the argument of appellees, it seems to be their position that, upon the proof aforesaid, the burden shifted to appellant to show that the timber bought by appellant came from other land than that of appellees. In this appellees are mistaken. The burden was on appellees throughout to show that the timber came from their land, and, until they had so shown, appellant was not required to make any proof. For all the proof that was made by appellees, the timber bought by appellant may have come from other lands than that of appellees.

The only proof about other lands and the timber cut and hauled therefrom was that introduced by appellant which showed that McLemore was getting timber from other lands, and which tended to show that as a fact the particular timber bought by appellant did come from other lands. Moreover, as already stated, about one-half

of the timber delivered to appellant was delivered in November and December. There is no proof in the record that there was any delay between the cutting and hauling of the timber that was taken from appellee's land. The proof shows that the deliveries were by trucks, and it would hardly seem probable that timber cut in August and September, when the weather is usually good, would not be delivered by this sort of conveyance until November and December.

Upon the whole, appellees did not complete the proof required of them by that substantial character of evidence necessary in such cases, and the decree is without sufficient support. The chancellor kept the case under advisement for nearly a year, and must have forgotten what was, and what was not, proved.

Reversed, and decree here for appellant.