BRADLEY *v.* GULF STATES CREOSOTING CO.

Division B. Nov. 6, 1950.

No. 37589 (48 So. (2d) 363)

748

George W. Currie, for appellant.

Hannah, Simrall & Aultman, for appellee.

Alexander, J.

Bradley brought an action for the price of poles ordered by appellee. The defendant by successive pleadings set

up want of title in Bradley to some of the poles, the commingling therewith of other poles, and failure of specifications.

The appellee had accepted and paid for several car loads of poles, but upon receipt of an anonymous communication warning that some were being cut from Sixteenth Section lands it refused further deliveries. Whereupon, Bradley salvaged part of the poles by resale and after crediting the proceeds, sued for the balance due. He appeals from a verdict and judgment for the defendant and assigns for error the exclusion of certain evidence and the granting of instructions.

We find no error in the admission or exclusion of evidence except as to the refusal to allow the plaintiff to introduce an order of the board of supervisors authorizing a timber deed to him. It may have been unnecessary for the plaintiff to show title by his testimony in chief but the exhibit was at least relevant.

The instructions deal chiefly with the status of plaintiff's title. He had an agricultural lease to Sixteenth Section school lands and some of the poles were cut therefrom. When his title was questioned, he procured a timber deed from the board of supervisors dated July 17, 1948. No authority is shown for cutting timber from the school lands prior thereto and the instructions so informing the jury were correct.

An instruction for the defendant directing the jury to disregard the agricultural lease was improper. While the lease of itself conferred no right to cut and sell the timber, it was relevant as showing the preferred status of Bradley with respect to the granting of a timber deed.

The court was in error in charging that the burden of proof as to title was upon the plaintiff. This was the substance of the affirmative pleas filed by the defendant. 16 Am. Jur., Deeds, Section 372; 46 id., Sales, Sections 407, 409. Compare Southern Package

Corporation v. Krauss, 182 Miss. 21, 180 So. 399. In this connection, it is well to point out that some of the poles were tendered and rejected as late as August 29th.

If the attack is directed to the sufficiency of the consideration for the timber deed of July 17, this burden is likewise upon the defendant.

The right of the defendant to reject all poles if any had been cut from school lands presents a troublesome problem. No authorities are cited in briefs for either counsel upon any of the legal principles. In this connection, the following authorities are in point: Peterson v. Polk, 67 Miss. 163, 6 So. 615; Blodgett v. Seals, 78 Miss. 522, 29 So. 852; Parish v. McPhee, 102 Wis. 241, 78 N. W. 421. But we do not brief the point or reach a decision thereon. The instructions did not properly present the duty of the buyer to accept such poles as were sound and suitable, and which could be identified as having been within the right of Bradley to sell. By placing upon appellant the burden of showing title to all logs tendered, the jury was misled.

The cause will be reversed and remanded so that it may be submitted under proper instructions.

Reversed and remanded.