### STATE vs. PITOT.

A stranger litigant in our courts, cannot have the benefit of their process and at the same time refuse obedience to their orders. So a curator, who has gone abroad, cannot obtain the aid of the court of probates for the delivery of the papers of the estate, while he refuses to comply with an order to account.

On the refusal of the judge of probates to deliver to Jackson's curator, the notes arising from the sale of certain slaves belonging to the succession, the latter applied for a *mandamus nisi;* in answer to which, and as grounds for his refusal, the judge alleged:

1. That the curator had been ordered to render an account of his administration, and had failed to do so:

2. That he resided out of the state : and

3d. That he had been charged by a mortgagee creditor, with mismanaging the affairs of the succession.

*Porter, J.*, delivered the opinion of the court.

A mandamus is applied for, to compel the judge of pro-

bates, to direct the Register of Wills to deliver over to the
curator of the estate, the notes and obligations which were received for the sale of the property belonging to it.

To the rule requiring this to be done, or to shew cause for the refusal, the judge has assigned several reasons.

A mortgagee creditor of the succession, to a large amount, opposed the delivery in the court below ; alleging, that the curator resided out of the state—that he was mismanaging the affairs of the estate ; and that he had been ordered to render an account, and had failed to do so. The non residence, and the failure to obey the order, are admitted ; but the curator excuses his disobedience, by averring that he could not render an account until the credits due to the succession were delivered to him.

By the 1149 article of the Louisiana Code, sections three and four, the curator of a vacant succession, and of absent heirs, may be dismissed from his office, if he absents himself for a time from the state, without leaving a representative, and the succession sustains an injury thereby ; or if he is ordered to produce his account book, and he fails to do so.

The 1151 article of the same work, and the 1019 article of the Code of Practice, make it the duty of the judge of probates, to direct a suit to be instituted to procure the removal, when any fact comes to their knowledge which authorizes it.

The most regular course here, probably, would have been, to order such a proceeding to be instituted, and pending the controversy, to permit no change to be made in the situation of the affairs of the estate. It would be defeating the object of the law, which authorizes a removal for dangers real or apprehended, to place it in the power of the curator, while the action was going on, to inflict additional injury on the succession.

But that course has not been adopted. The court has merely refused to put the curator in possession of the credits

A stranger litigant in our courts, cannot have the benefit of their process, and at the same time refuse obedience to their orders. So a curator, who has gone abroad, cannot obtain the aid of the Court of Probates for the delivery of the papers of the estate, while he refuses to comply with an order to account.

of the estate, and the judge justifies the refusal, on the 1012 article of the Code of Practice, which declares, that if the curator refuses to render an account to those who have a right to demand it, he may be imprisoned—his property may be distrained ; or his compliance may be enforced, by any other means which the law affords.

Notwithstanding the want of proceedings to remove the curator, we are of opinion the court below did not err. So long as he acted in contempt of its order, and by his residence in another state, placed it out of the power of the judge to enforce his decree, by the ordinary proceedings, we think he was authorized to refuse the curator the aid of the court. Granting the order, would have been assisting him to illegally administer the estate ; for his first duty was to obey the decree of the court which appointed him. A stranger, litigant in our courts, cannot have the benefit of their process, and at the same time refuse obedience to the orders made in the very suit in which he asks their assistance.

Let the rule be discharged.