### Isabella Milliken and Husband *v.* Charles N. Rowley.

In an action to recover the undivided half of a tract of land, for the rents and profits from the commencement of defendant's illegal possession, and for a division of the tract, there was a judgment for the plaintiff for the portion of the land claimed, and in favor of defendant for a certain sum for his improvements over and above the amount due by him for rents and profits. The decree ordered a partition of the land. In conformity with the part of the judgment ordering a partition, plaintiff proceeded to have the tract divided, and the respective portions designated by a further decree homologating the proceedings of the notary and experts in making the partition, and ordering himself to be put in possession of the half allotted to him, on paying the amount previously adjudged to be due for the improvements. *Held,* that this was not such an acquiescence on the part of the plaintiff, in the judgment by voluntarily executing it, as is contemplated by art. 567 of the Code of Practice, and will not prevent his appealing from so much thereof as condemns him to pay for the improvements above the rents and profits.

Where the case requires that a judgment should be rendered for the plaintiff, directing him to be put in possession of the land sued for, on paying a sum to the defendant for his improvements, the court will order, at the instance of the latter, that he be authorized to take out execution for the amount decreed to him, if not paid within a certain time.

Appeal from the District Court of Concordia, *Pierse,* J.

Bullard, J. The plaintiffs are appellants from a judgment by

which they recovered an undivided half of a tract of land, and were condemned to pay for improvements put upon the land, over and above back rents, $4583. It was further ordered that no writ of possession should be issued until the plaintiff shall have paid said sum, and that a partition be made of the land between the parties. The defendant moves to dismiss the appeal, on the ground that the plaintiffs acquiesced in the judgment pronounced in the District Court.

The alleged acquiescence consists in having proceeded, in conformity with that part of the judgment which decreed a partition, to partake the land, and to have the portions of each party set forth and designated by a further decree of the same court, homologating the operations and proceedings of the notary and experts in making the partition, and ordering that a writ of possession be issued to put the plaintiffs in possession of the half allotted to them, on their paying, or tendering the above mentioned sum allowed for improvements. It does not appear that the plaintiffs have ever acquiesced in that part of the judgment, which condemns them to pay that amount; and the defendant does not complain, and has not appealed from so much of the judgment as decrees one-half of the land to the plaintiffs. This is not in our opinion such an acquiescence in the judgment, by executing it voluntarily, as is contemplated by art. 567 of the Code of Practice. The motion is overruled.

The appellants complain only of that part of the judgment which allows so large a sum for improvements, and as not making proper deduction for fruits; and they contend that it is not authorized either by law, or the evidence in the record.

It appears that, at the time of the probate sale of the land, there was a small clearing of about forty acres, and that at this time there are about three hundred acres under fence, a part entirely cleared, and a part only imperfectly cleared, but so as to be cultivated. The testimony, as usual, varies as to the cost of clearing. It depends upon the degree of improvement, from the entire destruction of the timber on the land, to a mere girdling or deadening of the larger trees, and cutting down and burning of the undergrowth, so as to be able to cultivate the land. Some of the witnesses fix the value of the highest degree of clearing as high as

Milliken and Husband v. Rowley.

$100 per acre, and the mere deadening at five dollars. After weighing all the evidence in the case, upon this point, it appears to us that the land has been enhanced in value by the clearing, at the rate of twenty-five dollars per acre, that is to say, for the 260 acres cleared since the sale, $6500, for one-half of which the plaintiffs ought to account. On the other hand the defendant is to account for one-half of the fruits, or rents and profits of the land. It is clearly shown that the rent of the land for the last three years has been worth $1500, per annum, equal to $4500, without inquiring whether the defendant be not liable, as a possessor in bad faith before the inception of this suit. The plaintiffs are entitled to one-half of that sum, leaving a balance in favor of the improvements of $2000, one half of which, to wit, $1000, is chargeable to the plaintiffs.

The appellee has prayed that the judgment may be so amended as to fix a day after which he shall be entitled to an execution, if the sum recovered by him in reconvention be not paid. This we think he has a right to, because he is not bound always to remain in a state of suspense; and this has been settled in several cases in this court. See *Fletcher et al.* v. *Cavalier et al.* 2 La. 267. 14 Ib. 548. *Black* v. *Catlett and others*, 1 Robinson, 540.

It is therefore ordered and decreed, that the judgment of the District Court, so far as it decrees to the plaintiffs one undivided half of the tract of land, and so far as it homologates the partition of the land between the parties, be affirmed ; and that it be reversed, so far as it allows to the defendant, in reconvention, the sum of $4583 ; and it is ordered that the defendant do recover of the plaintiffs $1000 ; that no writ of possession be issued until said sum shall have been paid or tendered ; and that, if not paid or tendered within sixty days from the notice of this judgment, the defendant may issue execution for the same. And it is further ordered that the appellee pay the costs of the appeal.

*Stacy*, for the appellants.

*Dunbar*, for the defendant.