## McComas, Tutrix v. Ronquillo, Administrator.

It is no objection to the right of a tutrix of the minor heirs to sue for the removal of the ad-
ministrator for neglect of his duties, that the plaintiff, although an order had been made for
her appointment as tutrix, had not furnished the bond and security required by law.  Art.
332 C. C., the object of which is to prevent the tutor from assuming the administration of
the minor's estate before furnishing the required security, does not apply to an action for
the removal of an administrator.  Proceedings for that purpose are governed by art. 1018
C. P., which authorizes an heir, creditor, or other person concerned, to pray for the removal
of an administrator.

Technical objections opposed to investigations into the conduct of administrators are entitled
to little favor.

APPEAL from the District Court of Plaquemines, Rousseau, J.   Frost,
for the appellant.   Lambert, for the defendant.   The judgment of the
court was pronounced by

King, J.   The plaintiff, representing herself to be the tutrix of the minor
children and heirs of James and Eliza Lee, instituted this action to remove the
defendant from the administratorship of the succession of the deceased, alleging
that the defendant had been guilty of gross neglect of his duties.   The defend-
ant excepted to the capacity of the plaintiff to maintain the action, averring that
she had not been appointed the tutrix of the minors, and was without authority to
interfere in the administration.   The district judge sustained the exception, on
the ground that the plaintiff had not furnished the bond and security required
by law as tutrix, and that letters of tutorship had not been delivered to her, al-
though an order for her appointment had been made.   The petition was dis-
missed, and the plaintiff has appealed.

The defendant relies on the 332d article of the Code, which provides that,
until letters of tutorship shall have been delivered to the tutor, he shall not in-
terfere with the administration of the property of the minor, except for the
the purpose of preserving it in cases which admit of no delay.   The object of
this article is to prohibit the tutor from assuming personally the administration
of the minor's estate, previous to furnishing the required security.   It has no
application to controversies for the removal of administrators for alleged mis-
conduct.   Proceedings of this kind are governed by the 1018th article of the
Code of Practice, which authorizes an heir, creditor, or other person concern-
ed, to pray for the removal of an administrator.

The plaintiff is the grand mother of the minors; she is entitled to the tutor-
ship, which she has claimed, and an order for her appointment has been made,

SUPREME COURT OF LOUISIANA,

McComas
v.
Ronquili o.

and she has actually taken the required oath, although no bond has as yet been given.

She is concerned in the proper administration of the succession which has devolved upon the minors, and it is her duty to protect their interests. The spirit of our legislation is to lend every facility to examine into the conduct of administrators, and we may observe that technical objections opposed to such investigations are entitled to little favor. 2 La. 266. 19 La. 32. C. P. 1016. C. C. 1151.

But it is contended that, if the plaintiff can interfere, her authority is limited to informing the judge of the facts which rendered the removal of the administrator necessary; that further proceedings can only be prosecuted upon the direction of the judge, and that no order to that effect has been granted. C. P. 1016.

This exception was not taken in the court below, and the proceedings were not permitted to reach the point when it could have been urged. It is made by law the duty of the judge to direct proceedings to be instituted against an administrator, or receiving information of his misconduct, and it is to be presumed that the requisite order would have been made if the judge had not been met at the threshold with an objection, which he supposed to be valid, to the right of the plaintiff to interfere for any purpose. The exception, in our opinion, should have been overruled.

The judgment of the District Court is therefore reversed, and the cause remanded to be proceeded with according to law; the defendant paying the costs of this appeal.