## GRIDLEY et al. *v.* CONNER.

A party will not be permitted to deny what he has solemnly acknowledged in a judicial proceeding.

One who opposed the seizure of slaves under a judgment, on the ground that they belonged to him, and whose title was, on the trial of the opposition, adjudged to be simulated and fraudulent, having purchased, pending the opposition, a judgment against his pretended vendor, opposed a subsequent seizure of the same slaves under the judgment under which they were first seized, claiming to be paid out of the proceeds of their sale in preference to the plaintiffs. *Held :* That he must be concluded by his previous claim to the ownership of the slaves on which he now pretends to hold a mortgage. If his claim

---

to the ownership were true, the judicial mortgage would have been extinguished by confusion. C. C. 3374.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. In this case, on motion of the counsel for *Barrow*, it was ordered that the sheriff retain in · his hands the proceeds of the sale of certain slaves made under execution, until the further order of court; and that the plaintiffs show cause why said *Barrow*, as assignee of *Tulane*, should not be paid, in preference to the plaintiffs, the balance due on the judgment against *Conner* in favor of *Tulane*, and assigned by the latter. The court below discharged the rule.

*Roselius*, for the plaintiffs.    *L. Janin* and *M. Taylor*, for the appellant, *Barrow*. The judges being equally divided in opinion, the judgment of the lower court is affirmed, under art. 68 of the constitution.

EUSTIS, C. J.    The plaintiffs seized certain slaves as the property of the defendant, under an execution.    *Robert R. Barrow* filed a third opposition, claiming to be paid out of the proceeds of the slaves in preference to the plaintiffs, by virtue of a judgment in favor of *Paul Tulane* against the defendant, of which he, the said *Barrow*, alleges himself to be the owner.    *Barrow* had, on a previous occasion, made an opposition to a seizure made under the same judgment by the plaintiffs of the same slaves, on the ground that they belonged to him; and this court held his title to them to be simulated, fraudulent and void. The district court decided against the claim of *Barrow*, and he has appealed.

The appellant, according to his statement of the case, became the owner of the *Tulane* judgment, on the 31st March, 1848.    The first opposition, founded on his pretended title, was then pending in the district court, and was not adjudicated upon until May following.

There have been presented several objections to the right of the appellant to avail himself of this judgment adversely to the plaintiffs ; the most material is, that he is *estopped* by his previously asserted claim to the ownership of the slaves, on whom he now pretends to hold a mortgage.    It is clear that, if his claim to the ownership were true, the judicial mortgage as to the slaves would be extinguished by confusion, for a man cannot hold a mortgage on his own property.    Civil Code, 3374.    We understand it to be a rule in the administration of justice, that a man shall not be permitted to deny what he has solemnly acknowledged in a judicial proceeding, nor to shift his position at will to a contradictory one, in relation to the subject matter of litigation, in order to prostrate and defeat the action of the law upon it.    *Sprigg* v. *Bank of Mount Pleasant*, 10 Peters, 257.    *Jackson* v. *Stevens*, 16 Johnson R. 110.    *Jackson* v. *Murray*, Id. 201.    *Welland Canal Company* v. *Hathaway*, 8 Wendell, 480.    *Freeman* v. *Savage et al.* 2 Annual, 269.

ROST, J.    I concur in the opinion delivered by the chief justice, and adopt the reasons upon which it rests.

SLIDELL, J.    The previous opposition of the apppellant, in which he claimed the property as the owner, was made on the 8th June, 1847.    He did not acquire, until March, 1848 the judgment, from the recording of which the general mortgage resulted which he seeks to enforce.    I know of no rule of law which compelled him upon acquiring this new and distinct right to set it up at once, in a suit in which he was litigating the question of ownership.    Indeed it seems questionable whether he would have been permitted to *amend* his first opposition, by setting up the newly acquired right.    The objection would have been raised that it altered the substance of the demand.

I do not perceive how the *mala fides* of *Barrow*, in becoming the simulated

vendee of *Conner*, can affect, to his detriment, his subsequently acquired rights as transferree of the mortgage right of *Tulane*. That *Tulane* was a *baná fide* judgment creditor of *Conner* is not disputed. *Tulane* certainly could maintain this opposition. There is no evidence to impeach the good faith of *Barrow*, so far as the transfer from *Tulane* is concerned. Why then has not *Barrow* the same mortgage lien upon the property which his author, *Tulane*, had? The good faith of the transferrer inures to the transferree.

It is very true that a man cannot be at the same moment the mortgagee and the owner of land. But it does not follow that the assertion of one right estops the subsequent assertion of the other. A, brings against me a petitory action for a tract of land, and prays my eviction. I defend, alleging title. A succeeds, and evicts me. I then attack A, upon a judgment recorded against him prior to the institution of his petitory action. Am I estopped because I did not set up my mortgage in the former suit, when the title was at issue ? Clearly not. There is no *res judicata*, and no estoppel.

Reverse this case, and suppose that, in June, 1847, *Barrow* had filed an opposition alleging himself to be the owner of a judicial mortgage upon the property, and as such entitled to preference over the plaintiff in execution. Suppose that, in 1848, during the pendency of this opposition, he discovers that *Tulane* held a title as owner paramount to *Conner's* title, and purchased this title from *Tulane*. *Barrow* goes to trial on his first opposition, and is defeated on the ground that his judgment against *Conner* was fraudulently obtained, upon a pretended claim having no existence. Is *Barrow* estopped from afterwards setting up his title as owner derived from *Tulane?* I cannot think so.

KING, J. I concur in the opinion read by Mr. Justice Slidell, and adopt the reasons which he has assigned. *Judgment affirmed.*