No. 11,383.

Mrs. LOUISIANA E. FLOWERS vs. WILLIAM HUGHES ET AL.

The receipt by the appellant of a portion of the amount decreed to him by the judgment is acquiescence in the judgment and defeats the appeal.  Code of Practice, Art. 567; 3 An. 115; 4 An. 150; 7 An. 233; 18 An. 64; 32 An. 947.

Nor is this acquiescence at all affected because the appellant, receiving part of the amount of the judgment, undertakes to reserve his appeal.  The reservation can not avoid the effect the law attaches to the acquiescence in the judgment. 18 An. 64.

A PPEAL from the Civil District Court for the Parish of Orleans. *Rightor, J.*

---

*Rice & Montgomery* and *J. P. Blair* of Counsel for the Motion:

The transcript does not contain all the evidence on the trial of the case below.

On examining the certificate the court will find these words qualifying the usual declaration as to the completeness of the transcript: "Record No. 34,962, being succession of John Hughes, offered in evidence by Mr. Blair, attorney for Mrs. Murdock *et als.*, defendants, having been only partially copied as per instructions of counsel for defendant and appellant, copied at page 420." On the page referred to will be found the following remarkable instructions: "Inasmuch as the record of the succession of John Hughes, No. 34,962, was offered in evidence by Mr. Blair, one of the counsel for defendants, was offered, but not filed, for the purpose of showing that the succession of John Hughes has been opened and administered, and the heirs put into possession, and the District Court ad-

Flowers vs. Hughes et al.

mitted the record for the purpose, and inasmuch as the facts for which it is offered are not disputed, you should and shall not include in your transcript more than the several petitions and orders putting the heirs in possession. " New Orleans, October 16, 1893.

"GEORGE L. BRIGHT,
"Counsel for Wm. Hughes.
"To the Clerk of the Civil District Court."

The court, over objection, had admitted the entire record.

Appellant's counsel, not satisfied with reserving a bill of exceptions, has consti-tuted himself a court of review, has set aside the ruling of the lower court, and has issued a decree in the form of instructions to the clerk, directing that only the portions of the record which he designates shall be considered in evidence and shall be embodied in the transcript.

When a transcript, made under instructions of counsel for appellant, is defective and incomplete, the penalty is dismissal of the appeal. Heirs of Hoover vs. York, 33 An. 652; Samuels vs. Brownlee, 38 An. 36; Morrison vs. Lynch, 36 An. 611; Torres vs. Falgoust, 35 An. 818.

It can not be controverted that under the laws and jurisprudence of this State the party who voluntarily executes, either partially or *in toto*, a judgment rendered for or against him, or who voluntarily acquiesces in or ratifies, either partially or *in toto*, the execution of that judgment, is not permitted to appeal from it. C. P. 567; Williams vs. Duer, 14 La. 523; State vs. Judge of Parish Court, 4 Rob. 85; Campbell vs. Orillion, 4 An. 115; Huhart vs. Golden, 7 An. 233; Landry vs. Con-nelly, 4 R. 127; Succession of Egana, 18 An. 72; Succession of Bougere, 28 An. 743.

When a plaintiff who had appealed from a judgment rendered in his favor, but for a less amount than he claimed, executing a bond with surety for the costs only, subsequently causes a *fi. fa.* to be issued against the defendant, it will be con-sidered a voluntary execution of the judgment and an abandonment of the ap-peal. Campbell vs. Orillion, 3 An. 115.

The principle is well settled that a party is not permitted to do an act which he is at liberty to abstain from, and by mere reservation screen himself from the consequences of that act. Succession of Egana, 18 An. 64.

---

*A. J. Villere* and *Geo. L. Bright* of Counsel, *Contra:*

This is a suit for partition. The heirships are not disputed, but the appellant, William Hughes, one of the heirs, claims that the community that existed be-tween his father, John Hughes, and his second wife, should be charged with certain moneys brought into marriage by his father. The parties were re-ferred to a notary public. He made a partition, assuming that no charge should be made against the community, and he allotted to each of the heirs of John Hughes, including William Hughes, appellant, two thousand nine hun-dred and twenty dollars and seventy-four cents.

So far as two thousand nine hundred and twenty dollars and seventy-four cents are allotted to each, no one disputes the correctness of that amount except William Hughes, who contends that, besides two thousand nine hundred and twenty dollars and seventy-four cents, allotted to him, he should receive a larger amount, because of the indebtedness of the community to his father, John Hughes. The two thousand nine hundred and twenty dollars and seven-ty-four cents were not in dispute. Several of the heirs had purchased prop-erty at the sale, and retained the price on account of their share. William Hughes, the appellant, did not purchase. His share was in the registry of the

court. No one disputed his right to it. From a judgment which denied him the right to more than two thousand nine hundred and twenty dollars and seventy-four cents, he appealed, and upon a subsequent petition, which showed—

" That judgment was rendered in this cause homologating the partition made by N. B. Trist, notary public, on May 1, 1893, and on showing that said act of partition allots to your petitioner two thousand nine hundred and twenty dollars and seventy-four cents; that your petitioner opposed the partition and allotment made to him, claiming that the allotment to him should be largely increased, and all the other parties to the litigation maintain and assert the correctness of the partition and allotment as made by Trist, notary, as aforesaid; that your petitioner, William Hughes, does not complain of the allotment of two thousand nine hundred and twenty dollars and seventy.four cents, made to him, but contends that the amount should be largely increased, and as prayed for in his petition; that the judgment of this court homologated the act of partition made by said Trist, notary public, and decreed your petitioner was entitled to only two thousand nine hundred and twenty dollars and seventy-four cents; that from said judgment your petitioner has taken a suspensive appeal, returnable to the Supreme Court on the first Monday of November next. And on further showing, your petitioner needs moneys to pay costs of transcript of appeal and other necessary expenses, your petitioner prays that it will please this Honorable Court to make an order directing the Whitney National Bank, in this city, where the moneys to be partitioned have been deposited by order of court, and where the same is now deposited, directing and ordering said bank to pay out of said funds so deposited, to your petitioner or his attorney at law, the sum of five hundred dollars, without prejudice to the appeal taken by your petitioner, and without prejudice to the rule taken by him and now pending," the court ordered: " By reason of the foregoing petition, it is ordered that the Whitney National Bank, of this city, where the moneys to be partitioned have been deposited, and are now deposited, pay out of said moneys. so deposited, to the petitioner, William Hughes, or his attorney and counsellor at law, George L. Bright, the sum of five hundred dollars, without prejudice to the appeal taken by the petitioner, William Hughes, and without prejudice to the rule taken by him and now pending."

This is not an acquiescence. 3 R. 253; 3 An. 539.

The clerk of the court, in making the transcript, asked appellant for instructions as to what part of record 34,962 should be copied. This record was offered to show that the succession had been opened and administered and the heirs put in possession, and the court admitted it for that purpose.

Inasmuch as it is not denied that the heirs were put in possession, that the pleadings admit it, counsel for appellant instructed the clerk it was not necessary to copy a whole large record of irrelevant matters; that he should copy only that which referred to the object for which the record was offered, viz.: the putting in possession of the heirs. The clerk, after certifying that the transcript contains a true, correct and complete transcript of all the proceedings had, documents filed, testimony and evidence adduced on the trial of the cause, states, that Record No. 34,962, Succession of John Hughes, was partially copied by instructions of counsel for appellant. Even had he had no instructions, he should not have copied more than was copied. We repeat, the record, although offered, was not filed in evidence. It was offered to show the heirs were put in possession. The petitions and orders putting them in possession are copied. That they were put in possession is not denied, but admitted.

### ON MOTION TO DISMISS.

The opinion of the court was delivered by

MILLER, J. The motion to dismiss is on two grounds: ·That the transcript is imperfect, and that the defendant in the lower court, the appellant here, has acquiesc.d in the judgment from which he appeals.

The suit was for a partition between the plaintiff and defendant and others, heirs of John Hughes. The defendant in his answer urged that in the petition the last community should be charged with certain amounts of the separate estate of his father, received by or which enured to the benefit of that community, and the answer also contained other demands pertinent to the settlement of accounts between the heirs. The partition and sale of the property was decreed and the usual order of reference to the notary for the completion of the partition was made. The partition act awarded to the defendant twenty-nine hundred and twenty 74-100 dollars, and on motion of one of the parties the partition was homologated, against the objections of the defendant, whose demands urged in his answer were disallowed. From the judgment homologating the partition the defendant took this suspensive appeal. Pending his appeal, on his motion, he obtained an order to receive five hundred dollars of the amount awarded to him by the judgment, and accordingly that amount was paid to him. This payment is the acquiescence in the judgment, the basis of the motion to dismiss.

It is the text of the Code that the appellant can not maintain his appeal from the judgment acquiesced in by him. Code of Practice, Art. 567. To receive the amount of the judgment, in whole or in part, is, in its natural significance as well as under our jurisprudence, an acquiescence in the judgment. To receive part is as significant as to receive the whole. If the defendant could receive part of the amount decreed to him and still preserve his appeal, he might just as well take the full amount. If the judgment was satisfied by the defendant receiving the full amount, it certainly could not be urged he could still maintain the appeal from a judgment that, satisfied, had ceased to exist. Payment in part of the judgment as an acquiescence in that judgment is not to be distinguished from full payment. Any payment received by defendant under the judgment is fatal to his appeal from it. See 3 An. 115; 4 An. 150; 7 An. 233; 18 An. 64; 32 An. 947.

The defendant contends he can maintain his appeal, because he claims more than the judgment gives him, and his acquiescence is only to the extent of the amount decreed to him, but does not extend to the greater amount he claims and that the judgment disallows. But it is only through the judgment he can appeal to claim the greater amount, and if he acquiesce in that judgment the basis for his appeal disappears. It is often the experience that the plaintiff asserting a money demand recovers less than he claims. But, of course, no one supposes he could collect his judgment and still maintain his appeal, because he demands a greater amount than that decreed to him. Such a pretension was advanced in one of the cases cited in this opinion, where the appeal was devolutive. It was supposed in that case that the plaintiff, taking only the devolutive appeal, could collect his judgment and still prosecute his appeal for the greater amount he claimed. The court discarded this pretension, and held that acquiescence in the judgment by payment ended the appeal, though plaintiff claimed more than the judgment gave him. See 3 An. 115.

The defendant cites the case from 3 Rob. 253. There the judgment was in favor of the plaintiff for the partition of the land, and against him in favor of defendant for the improvements. The plaintiff took steps to execute the judgment in his favor for the partition, but appealed from the money judgment against him for improvements; that is, he took the appeal from the judgment to contest the money demand. The court held in that case, on the motion to dismiss, that acquiescence in the decree for the partition was not acquiescence in the decree against plaintiff for money. There was no act of plaintiff in that case of acquiescence in the money decree. The other case cited by defendant (3 An. 593) is that of an injunction against the seizure of property. The injunction was on motion dissolved as to part of the property, and that part plaintiff proceeded to seize and sell. By a subsequent judgment the injunction was maintained as to the residue of the property seized, and from that judgment plaintiff appealed. The court on a motion to dismiss held, that executing the judgment dissolving the injunction as to part of the property was not an acquiescence in the judgment maintaining the injunction as to the residue. There were two judgments. The court observed, the judgment in that case was not indivisible. There was manifestly in that case no acquiescence in the judgment appealed.

from, because the appellant had executed another judgment. Here, there is one indivisible judgment in favor of the defendant for a sum of money. He takes part of the sum decreed to him. That must be deemed an acquiescence in it. The circumstance that in taking it, he undertakes to recover his right to the appeal is of no consequence. The protest itself evinces his appreciation of the significance of the act; the protest is unavailing to avoid the consequence the law attaches to acquiescence in the judgment.

It is a reluctant duty to dismiss appeals, thus precluding the relief sought by the litigant in the court of last resort. In this case the court conceives there is no alternative.

It is therefore ordered, adjudged and decreed that this appeal be dismissed at appellants' costs.

Rehearing refused.