COLIN McKENZIE *vs.* JOHN B. REDMAN.

Hancock.    Opinion March 15, 1895.

*Insolvent.    Exemptions.    Waiver.    Estoppel.*

Where an insolvent debtor pointed out to the assignee two wagons as a part of his estate and refused upon request of his assignee to select which one he would retain, but claimed to be entitled to both, and the assignee relied upon his acts and representations, and from them understood that the two wagons were the property of the estate, and thereupon took the wagon in suit, leaving the other as exempt, then the debtor would be estopped by his acts and representations from maintaining a suit for the wagon taken by the assignee.

ON MOTION.

The case appears in the opinion.

*Hale and Hamlin*, for plaintiff.

*A. W. King*, for defendant.

SITTING : PETERS, C. J., FOSTER, WHITEHOUSE, STROUT, JJ.
EMERY, and WISWELL, JJ., being interested, did not sit.

FOSTER, J. Replevin by an insolvent against his assignee
for a double two-horse team wagon. The wagon was owned by
the plaintiff when he went into insolvency. He claims it as
exempt under the statute.

There was evidence tending to prove that the plaintiff had
two wagons and pointed both out to the assignee as belonging
to him. The assignee testified that he told the plaintiff he could
keep one, and requested him to make his selection, but that he
refused so to do, saying that he thought he was entitled to
both. On this point the evidence is conflicting, but the jury
by their verdict have found in accordance with the defendant's
position.

If the plaintiff pointed out these wagons to the assignee as a
part of his estate, as claimed in defense, and refused, upon
request by the assignee, to select which one he would retain,
but claimed to be entitled to both, and the assignee relied upon
his acts and representations, and from them understood that the
two wagons were the property of the estate, and thereupon took
the wagon in suit, leaving the other as exempt, then the plaintiff
would be estopped by his acts and representations from main-
taining this suit. The exemption provided by statute is for the
benefit of the insolvent, and the right of election is in him.
But if he would avail himself of this right, it is his duty to
signify his election when requested by the assignee so to do ;
otherwise he will be deemed to have waived his right, and the
law through the acts of the assignee, makes it for him. A
party may waive a statute made for his benefit. It is analogous
in principle to cases where there has been an attachment of
property which a debtor has a right to claim as exempt, but
which, either by his consent or a waiver of his privilege, he has
allowed to be applied to the payment of his debts.

This principle is fully illustrated in the following cases, a
reference to which is all that is necessary : *Smith* v. *Chadwick*,
51 Maine, 515 ; *Smith* v. *Morrill*, 56 Maine 566 ; *Colson* v.

*Wilson*, 58 Maine, 416; *Shumway* v. *Rutter*, 8 Pick. 447; *Dow* v. *Cheney*, 103 Mass. 181.

There was evidence upon which the jury were warranted in the conclusion reached by them. They were the judges of the facts, and we perceive no reason for disturbing the verdict.

*Motion overruled.*