(86 South. 322)

No. 23853.

## MOHAWK OIL CO. et al. v. LAYNE et al.*

(June 30, 1920. Rehearing Denied Oct. 15, 1920.)

*(Syllabus by the Court.)*

Estoppel ⬧⟿5—One cannot deny that which he has solemnly acknowledged in a judicial proceeding.

Where it is shown by the records that an appellant before this court has, since the argument alleged and admitted, in another judicial proceeding instituted by him, that neither he nor the author under whom he is claiming has any title to the property, the ownership of which he is disputing, a plea of estoppel, here interposed, will be sustained. It is not to be expected that a court will occupy its time in determining a question of title, between two liti-

_____
*Certiorari denied 254 U. S. ——, 41 Sup. Ct. 148, 65 L. Ed. ——.

gants, one of whom, judicially admitting in another proceeding that the title here in dispute was never vested in him, demands judgment against his alleged author in the title, for their failure to make delivery of the same. "It is a well-settled rule in the administration of justice that a person will not be permitted to deny that which he has solemnly acknowledged in a judicial proceeding."

Appeal from First Judicial District Court, Parish of Caddo; J. R. Land, Judge.

Action by the Mohawk Oil Company and others against R. T. Layne. Judgment for defendant, and plaintiff Tex-La-Homa Oil Company appeals, and on the death of defendant Layne pending the appeal, Mrs. Eula McFadin Layne, as the universal legatee and testamentary executrix, was substituted. Affirmed.

Hall & Bullock, B. F. Roberts, and Wilkinson, Lewis & Wilkinson, all of Shreveport, for appellant.

Thigpen & Herold and Barret & Files, all of Shreveport, for appellee.

### Statement of the Case.

MONROE, C. J. Counsel for defendant and appellee (in whose place, by reason of his death pending the appeal, Mrs. Eula McFadin Layne, alleging that she is the universal legatee, sole heir, and testamentary executrix of the decedent, has been substituted) make a statement of the case here presented for decision of which counsel for plaintiffs (appellant) say, in their original brief, "The issues in this case have been substantially stated by counsel for appellees, and we will not restate them here." We, therefore, adopt (subject to correction) the statement made by counsel for appellees, as follows:

"In 1916, D. H. Raines and Joe Herndon executed instruments purporting to be mineral leases to C. E. Dunson. In 1917 they instituted suit to avoid those apparent contracts on the allegations that they were absolutely null for

want of any consideration, and that substantial portions of the recitals of the agreements were forgeries. Before judgment in the district court, R. T. Layne acquired, for valuable consideration, mineral leases from Raines and from Herndon, on the same lands. Subsequently the district court rejected plaintiffs' demands, and the appeals taken from such judgment by plaintiffs were afterward dismissed by this court, for acquiescence. [Raines v. Dunson] 143 La. 327 [78 South. 574].

"Immediately thereafter Mr. Layne, as a third party in interest (C. P. 571), prosecuted an appeal from the judgment of the district court, which appeal resulted in the decree of this court that

"The judgments appealed from be, and the same are hereby, annulled and reversed in so far as they affect the rights of R. T. Layne, appellant; and that the lease executed by D. H. Raines to and in favor of C. E. Dunson, * * * and the lease from Joe Herndon to C. E. Dunson * * * be and the same are hereby avoided and annulled in so far as they affect the rights of the appellant, R. T. Layne, reserving to the defendants or their assigns the right to test the validity of the leases held by Layne, and which form the basis of this appeal. Raines v. Dunson, 145 La. 525, 82 South. 696.

"Availing themselves of the reservations in the decree of this court, the plaintiffs brought this suit against Layne. The petition disclosed that the plaintiff (Tex-La-Homa Oil Company) was the present holder of the Dunson claim, and on exception the other plaintiffs were dismissed from the suit. The case, then, is one solely between the Tex-La-Homa Oil Company, as the present claimant under Dunson, and Mr. Layne.

"The voluminous petition, boiled down, consists in an attack on defendant's lease on three grounds:

"First. That the judgment rendered by this court deprived plaintiff of due process of law.

"Second. That Layne's lease is invalid.

"Third. That Layne was the purchaser of a litigious right.

"These three contentions were rejected by the district court, and the Tex-La-Homa Oil Company has appealed."

Counsel for appellant (as we understand their brief) also agree with appellee's counsel as to the questions which the case as thus stated present for the decision. Since the submission of the case, however, counsel for appellee have filed in this court a plea of es-

toppel, which, if sustained, will preclude an inquiry into the merits; the averments upon which said plea is founded being in substance, as follows:

That the Tex-La-Homa Oil Company is the sole appellant now before the court; that since the argument herein a receiver has been appointed by the District Court of the United States for the Western District of Louisiana, sitting in equity, of said corporation and of all property thereof, including oil and gas leases, with power to bring and defend suits for and against it; and that said receiver has brought suit in the First district court for the parish of Caddo against the Mohawk Oil Company, E. M. Brown, Jr., and E. R. Bernstein, alleging that it has no title to the two leases here in controversy, and that the parties made defendant in said suit had no title; that they had failed to deliver to the Tex-La-Homa Oil Company the possession of said leases and that the title attempted to be transferred by them to said Tex-La-Homa Company has been declared void and of no effect by the Supreme Court of Louisiana, thereby making such delivery impossible, and further alleging:

"That the said contract between the Tex-La-Homa Oil Corporation, and the Mohawk Oil Company, of date March 12, 1919, * * * should be rescinded, canceled, and annulled, for (1) failure on the part of E. M. Brown, Jr., E. R. Berstein, and the Mohawk Oil Company to deliver to the Tex-La-Homa Oil Corporation property included in the contract, without which the contract would not have been made; (2) failure of the title to, and the eviction of, the Tex-La-Homa Oil Corporation from any and all legal title that it may have acquired to the said oil and gas leases, * * * for causes existing prior to the granting of the option of January 14, 1919, by E. M. Brown, Jr., and E. R. Bernstein; (3) that E. M. Brown, Jr., and E. R. Bernstein * * * and the said Mohawk Oil Company are solidarily liable to the said Tex-La-Homa Oil Corporation for the cash payment so made and for the stock issued."

Certified copies of the decree appointing and conferring authority on the receiver, and

of the petition filed by him, from which the foregoing is taken, are annexed to the plea of estoppel, and appellee prays that said plea be maintained.

## Opinion.

We are of opinion that the prayer should be granted, since it is not to be expected that a court will occupy its time in determining a question of title between two litigants, one of whom, pending the appeal to this court, goes into another court and, judicially admitting that the title here in dispute has never been vested in him, demands a judgment upon such supposed dispute against his alleged authors in title, in damages, for their failure to deliver such title. We have some hesitancy in acting upon the matter, as presented, since it does not appear that the appellant has been notified of the plea, but it is thought better to act, in view of the approaching end of the term, and of the fact that the judicial record speaks for itself, and does not seem to involve the necessity of a remand for the taking of testimony. Assuming the authenticated documents, filed with the plea, to be conclusive of the facts, the rulings in the following cases sustain the view that the plea is well founded, to wit: Farrar v. Stacy, 2 La. Ann. 211; Gridley v. Connor, 4 La. Ann. 416; Durham v. Williams, 32 La. Ann. 962; Gilmer v. O'Neal, 32 La. Ann. 979; Dickson v. Dickson, 33 La. Ann. 1370; Folger v. Palmer, 35 La. Ann. 743; Gaudet v. Gauthreaux, 40 La. Ann. 187, 3 South. 645, in which last-mentioned case it was said, as a quotation from a previous ruling:

" 'It is a well-settled rule in the administration of justice that a person will not be permitted to deny what he has solemnly acknowledged in a judicial proceeding. The only means of courts to protect the integrity of judicial proceedings are the sanctity which the law throws around them.' Bender v. Belknap, 23 Ann. 765. See, also, Devall v. Watterson, 18 Ann. 141; New Orleans v. Southern Bank, 31 Ann. 564;

Chaffe v. Morgan, 30 Ann. 1309; Durham v. Williams, 32 A. 962, 979; Gilmore v. O'Neal, 33 A. 1370."

If, however, in this instance, the appellant received no notice of the filing of the plea of estoppel, an application for rehearing would be favorably considered.

For the reasons thus assigned, the plea of estoppel, filed in this court, is sustained, and the judgment appealed from is accordingly affirmed.

O'NIELL, J., is of the opinion the case should be remanded for proof of the facts alleged in the plea of estoppel.