No. 3496

Second Circuit

CORY v. ASKEW

(March 12, 1929. Opinion and Decree.)

Harry V. Booth and George T. McSween, of Shreveport, attorneys for plaintiff, appellant.

John B. Files, of Shreveport, attorney for defendant, appellee.

REYNOLDS, J. This is a suit under the Workmen's Compensation Act (Act No. 20 of 1914, as amended). Plaintiff seeks judgment against defendant for $20 a week for 400 weeks and for $250 for expenditures for medical attention.

He alleges that he was employed by defendant at a daily wage of $5.50 and working seven days in the week, and that on August 15, 1927, he was accidentally injured in the course of his employment by a piece of iron pipe, which he was pushing, striking him on the left side of the lower part of the stomach, as he slipped and fell to the floor of a derrick on which he was standing.

He further alleges that the blow caused him injuries which will prevent him for the remainder of his life performing work of any reasonable character.

He alleges that he has already spent $100 for medical attention and will be

required to expend at least $150 more for the same purpose.

The defendant admitted the employment, the wage paid, and the accident, but denied that plaintiff was injured to the extent alleged, and denied that he had expended or would be required to expend the sums claimed for medical attention.

On these issues the case was tried, and there was judgment in favor of plaintiff and against defendant for $20 a week for five weeks, · beginning August 22, 1927, with legal interest on each installment from its maturity until paid, and fixing the fees of the experts who testified at $25 each, and taxing their fees as costs.

Plaintiff prayed for an order of appeal from the judgment "only insofar as same rejects his demands," and was granted an order of appeal, "restricted to that part (of the judgment) that rejects his demands."

The defendant has filed in this court a motion to dismiss the appeal on the ground that the plaintiff had voluntarily executed the judgment and thereby acquiesced in it.

### OPINION

Attached to and in support of defendant's motion is a certified copy of a writ of fieri facias issued upon the judgment and of the sheriff's return thereon, reading as follows:

"James E. Cory v. J. H. Askew.
"No. 48004.
"In the First District Court, State of Louisiana, Parish of Caddo.
"The State of Louisiana, to the Sheriff of the Parish of Caddo—Greeting:

"We command you, that by the seizure and sale of the property, real and personal, rights and credits, of J. H. Askew, in the manner prescribed by law, you cause to be made the sum of $20.00 per week for a period of five weeks, with the first payment being due August 22, 1927, and 5 per cent interest from October 17, 1928, until paid, and also the sum of one hundred forty-six dollars and 00 cents, cost, as well as your own charges, to satisfy judgment rendered against the said defendant in our said court for the parish of Caddo, in favor of the said plaintiff. And how you have executed this writ you make return to our said court in seventy days, as the law directs.

"Witness the honorable judge of the said court this 5th day of November, 1928.
"V. G. Simmons,
"Deputy Clerk of the Court.

"Received of T. R. Hughes, sheriff, the sum of $105.00, in full settlement of the proceeds of the sale on within writ, after deducting costs amounting to $146.00. James E. Cory, by H. V. Booth, Agent and Attorney for Cory."

"Filed January 3, 1929.
"R. W. Sloane, Deputy Clerk."

And upon this showing defendant asks us to dismiss the appeal without remanding the case to the lower court for trial of the question · of acquiescence in the judgment, on the authority of Mohawk Oil Co. vs. Layne, 147 La. 895, 86 So. 322.

That case is contrary to the general rule that appellate courts are without authority originally to pass on questions of fact asserted to constitute acquiescence in the judgment appealed from.

There the court accepted ex parte evidence of judicial allegations by the appellant in another suit as proof of acquiescence, and dismissed the appeal on that ground. We think such evidence of greater probative force than ex parte evidence of the issuance of a writ of fieri facias on the judgment appealed from and its return fully satisfied. The writ may have been inadvertently issued, or other facts may exist showing the issuance and exe-

cution of the writ to be not an acquiescence in the judgment, and the appellant is entitled to opportunity to show this, if he can.

In the case of Zwikel vs. Zwikel, 154 La. 532, 97 So. 850, rendered since Mohawk Oil Co. vs. Layne, supra, wherein the defendant appealed from a judgment granting the plaintiff an absolute divorce, and the appellee, answering a motion to dismiss the appeal on the ground that, subsequent to the judgment, the spouses had resumed marital relations, admitted that he and the appellant had cohabitated together as man and wife pending the appeal, the court held that the case should be remanded to the district court for trial of the issue of whether or not there had been a reconciliation between the parties, under articles 152 and 154 of the Civil Code.

In James vs. Fellowes & Co., 23 La. Ann. 37, where a motion to dismiss an appeal on the ground of acquiescence in the judgment was presented, the court said:

"Having, however, no original jurisdiction, we must remand the case to try the issue raised by the motion."

And in State ex rel. St. Martin vs. Police Jury, 28 La. Ann. 272, the syllabus reads as follows:

"A motion is made to dismiss the appeal on the ground that the police jury, who are the only appellants, have voluntarily executed the judgment of the lower court. The counsel for the appellants answer that this court cannot take cognizance of the documents annexed to the motion and which appear here for the first time and as originals. This court, in the absence of consent, express or implied, to consider new evidence before it, must adhere to what it believes to be the settled jurisprudence of the state. * * * This court has jurisdiction of a cause as tried, but not of facts not passed on in the lower court, and can receive no new evidence. Consent cannot give jurisdiction, but, having jurisdiction of a cause, this court may it seems, consider facts presented by consent. This has not been done in this instance. The case must be remanded."

In Ryland vs. Harve M. Wheeler Lumber Co., 146 La. 787, 84 So. 55, a motion was made to dismiss the appeal on the ground that it was taken out of term time and the appellee not cited, and the court said:

"As this court is without original jurisdiction to consider and pass upon the letters annexed to the petition for rehearing and filed as evidence of the alleged acquiescence in the judgment of the district court, the question of acquiescence should be determined by the district court; and for that purpose the case must be remanded."

In J. R. Watkins Co. vs. S. A. Bankston et al., 2 La. App. 530, the court said:

"Plaintiff has filed in this court, a motion to dismiss the appeal on the ground that defendants have acquiesced in the judgment. Acquiescence is a question of fact which can only be determined after hearing evidence, and we are therefore constrained to remand this case in order that such evidence may be adduced."

Under the authorities quoted, other than that of Mohawk Oil Co. vs. Layne, the case must be remanded for the purposes of the motion.

It is therefore ordered, adjudged and decreed that the case be remanded to the district court for the trial of the issue of whether plaintiff has acquiesced in the judgment appealed from or not.