No. 3496

Second Circuit

## CORY v. ASKEW

(July 1, 1929. Opinion and Decree.)
(_____. Reversed and Remanded by Supreme Court on Writ of Certiorari and Review.)
(See original opinion, 11 La. App. 110.)

Harry V. Booth and George T. McSween, of Shreveport, attorneys for plaintiff, appellant.

John B. Files, of Shreveport, attorney for defendant, appellee.

WEBB, J. On the original hearing a motion was made to dismiss the appeal on the ground that plaintiff had acquiesced in the judgment, and the cause was remanded for trial on that question, and a rehearing having been granted, it is urged that the order remanding the cause was erroneous.

The pleadings pertinent to the question were correctly stated in the original opinion, with the exception that it was stated that defendant "admitted the accident but denied that plaintiff was entitled to the extent alleged," which was erroneous, as defendant's answer was, in effect, a general denial.

In support of the position that plaintiff could not be held to have acquiesced, even though it should be shown that he had issued execution on the judgment and forced payment, plaintiff cites Kittredge vs. Grau, 158 La. 154, 103 So. 723, and Chandler vs. Oil Fields Gas Co., 2 La. App. 778.

Article 567, Code of Practice, provides that:

"The party against whom a judgment has been rendered cannot appeal:

"1. If such judgment have been confessed by him, or if he have acquiesced in the same, by executing it voluntarily.

"2. If he has suffered the time prescribed by law for appealing to elapse."

and it is held that the provisions of the article are applicable to the party in whose favor the judgment has been rendered as well as to the party against whom the judgment has been rendered.

"By article 567, of the Code of Practice, a party against whom a judgment has been rendered cannot appeal if he have acquiesced therein, by voluntarily executing it; and the same rule will be extended to one, who, having obtained a judgment, has carried it into execution." State vs. Judge, 4 Rob. 85. Also, Succ. DeEgana, 18 La. Ann. 59.

The question, as to whether one should be held to have acquiesced in a judgment, by reason of some action taken thereunder, relates somewhat to the intent of the per-

son taking the action, and in the case of Kittredge vs. Grau, supra, it was held that the plaintiff, who had recorded the judgment, had not acquiesced therein, within the meaning of article 567, and the same ruling was made in Augustin vs. Farnsworth, 155 La. 1053, 99 So. 868; and in the Chandler vs. Oil Fields Gas Co., supra, it was held that the plaintiff in a compensation case who had accepted weekly payments of compensation under the judgment, had not acquiesced in the judgment, so as to prevent an appeal, where the period of compensation was fixed at less than the period there demanded.

While the Chandler case is apparently in conflict with the former ruling by the court, in which it was said that "the receipt by the appellant of a portion of the amount decreed him by the judgment is acquiescence in the judgment and defeats the appeal * * * Nor is this acquiescence at all affected because the appellant, receiving part of the amount of the judgment, undertakes to reserve his appeal." (Flowers vs. Hughes, 46 La. Ann. 436, 15 So. 14. Also Raines vs. Dunson, 143 La. 321, 78 So. 574.) But it does not, we think, go further than to change the rule to the extent that a voluntary acceptance of payment under the judgment will not defeat the appeal.

In the present case the question is, whether or not one who executes a judgment and forces payment acquiesces in the judgment; as to which it was said in Succession of DeEgana, supra, "it cannot be controverted that, under the laws and jurisprudence of this state, the party who voluntarily executes, either partially or in toto, a judgment rendered for or against him, * * * is not permitted to appeal from it;" and we think that ruling is applicable here.

If the action was based upon distinct claims and judgment was rendered for one, or if defendant had admitted liability for the amount of the judgment, it could not prejudice his rights to permit the execution of the judgment; but such is not the case presented here.

It is therefore ordered that the former decree and order, remanding the case, be reinstated.