(125 So. 455)

No. 30151.

## CORY v. ASKEW.

### In re CORY.

Dec. 2, 1929.

George T. McSween and Harry V. Booth, both of Shreveport, for applicant.

John B. Files, of Shreveport, for respondent.

BRUNOT, J. Relator sued under the Employers' Liability Act (Act No. 20 of 1914, as amended) for compensation for 400 weeks at the rate of $20 per week for alleged permanent injury suffered while in the course of his employment. Issue was joined, the case was tried, and judgment was rendered in favor of the plaintiff and against the defendant for compensation at the rate of $20 per week for five weeks, and decreeing the first payment to be due August 22, 1927. The plaintiff obtained the usual order and perfected a devolutive appeal from the judgment in so far as it rejected his demand. A motion was made to dismiss the appeal, for the alleged reason that the plaintiff had acquiesced in the judgment by executing it and collecting the compensation awarded by it. The Court of Appeal held that it could not pass upon the motion to dismiss in advance of proof of the alleged acquiescence in the judgment, and therefore, under the authority of Mohawk Oil Co. v. Layne, 147 La. 895, 86 So. 322, the case was remanded to the district court for trial on the question of acquiescence in the judgment. 11 La. App. 110, 120 So. 779. A rehearing was applied for and granted, but on rehearing the original judgment was reinstated. (La. App.) 123 So. 435. Plaintiff then applied to this court for certiorari or writ of review. The writ issued, the record has been sent up, and the case is now before us.

The minute entry of the motion and order of appeal is as follows:

"Written motion filed by plaintiff for an order of devolutive appeal to the Circuit Court of Appeal, Second Circuit, only in so far as the judgment herein rejects his demands; appeal granted, returnable December 3rd, 1928, without bond."

In the case of Kittredge v. Grau, 158 La. 154, 103 So. 723, this court held that, where

a judgment was rendered for the plaintiff for a part of his claim, the recording of the judgment by the plaintiff was not an acquiescence in the judgment rejecting the balance of the sum sued for. In the case of H. D. Chandler v. Oil Fields Gas Co., Inc., 2 La. App. 778, the motion to dismiss the appeal upon the ground of alleged acquiescence in the judgment was denied on the authority of Kittredge v. Grau, cited supra.

The Compensation Act must, by its specific provisions, be liberally interpreted and applied favorably to an injured employee suing for compensation for injuries received in the course of his employment, and the authorities cited supra are in accord with the spirit and letter of the Compensation Act.

We think the Court of Appeal erred in remanding the case, that the writs applied for should be perpetuated to the extent of commanding the Court of Appeal, Second Circuit, to consider and decide the appeal upon the merits, and it is so ordered. The costs of this proceeding to be paid by respondent, Askew.