PONDER, Justice.
 

 Anna Jordan owned 160 acres of land situated in the Parish of Webster. On March 28, 1929, Anna Jordan executed a promissory note to T. Crichton, Jr. for the sum of $257.30 which was secured by a mortgage on 80 acres of the land and on March 13, 1930 she executed another
 
 *923
 
 promissory note to T. Crichton, Jr., trustee, for the sum' of $500 which was secured by a mortgage on the entire 160 acres of land. Both of the notes provided for interest at 8% per annum from date until paid and 10% attorney’s fees. The promissory note calling for $257.30 was credited with a payment of $50 on December 17, 1929. There were no other payments made on the notes. On February 3, 1934 the defendant herein, T. Crichton, Jr., trustee, instituted foreclosure proceedings by executory process on the notes and mortgages. Soon thereafter Anna Jordan sought relief by injunction under the provisions of Act 159 of 1934, being the first moratorium act, which relief was denied her by the district court. Shortly thereafter, before the foreclosure was completed, Act 2. of the Second Extrá Session of 1934 came into effect. Anna Jordan renewed her application for a moratorium on March 14, ■ 1934 and after the hearing the moratorium commissioner rendered judgment ordering the foreclosure stayed until December 1, 1935. On December 19, 1935 a rehearing was held on the application of Anna Jordan pursuant to notices issued on December 14th and on December 21st the deputy moratorium commissioner rendered the following judgment, viz:
 

 “In the matter of the application of Anna Jordan, applying for a moratorium or suspension of laws, relating to the enforcement of’ that certain debt due by her to T. Crichton, Jr., Trustee, in the sum of $1,000.00, interest, attorney’s fees and costs, as shown by Suit No. 8700, Twenty-Sixth District Court, Parish of Webster, State of Louisiana, entitled: ‘T. Crichton, Jr., Trustee Versus Anna Jordan’.
 

 “A rehearing was held on the above application at Minden, Louisiana, on December 19, 1935, at 4 o’clock P. M., before N. W. Nelson, Deputy Commissioner, pursuant to notices thereof given to all parties hereto on December 14, 1935.
 

 “Applicant was present at the rehearing with her attorney, Judge A. S. Drew; the creditor was also present with his attorney R. D. Watkins.
 

 “The rehearing herein was held upon the application of the applicant, who applied for a further suspension of laws.
 

 “From the facts submitted at the rehearing it appears that Applicant has failed to comply with any of the provisions of our order issued herein on March 20, 1935.
 

 “The creditor agrees that in the event he purchases at Sheriff’s Sale the property mortgaged to -secure the above debt, he will furnish applicant a home and such land as she can cultivate — rent free. He further agrees that if he receives full payment of the above debt from the sale of any of the oil leases or royalties, he will deliver to applicant any remaining royalties on the mortgaged property.
 

 “From the facts submitted at the rehearing it does not appear that applicant is entitled to a further suspension of laws.
 

 “A further suspension of laws herein is refused.”
 

 After this judgment was rendered the property was foreclosed on, sold at sher
 
 *925
 
 ifFs sale and bought in by the defendant. The sheriff executed a deed conveying the 160 acres of land to the defendant. Anna Jordan has continuously lived on the property up to the date of the institution of this suit. This suit was instituted by Anna Jordan against the defendant on March 15, 1937.
 

 The pertinent part of the allegations in plaintiff’s petition necessary to a determination of the issues raised herein are in effect as follows, viz: The plaintiff alleges the notes and mortgages above set out; the application for moratorium as set out above; that at the last hearing before the moratorium commissioner several propositions were made and discussed with the view of a settlement of the litigation and a final agreement was entered into between the moratorium commissioner, the plaintiff, plaintiff’s attorney, the defendant, and defendant’s attorney, which was reduced to writing by the moratorium commissioner and embodied in his judgment; that after a lengthy discussion it was agreed by the parties that the moratorium or suspension be raised and the sale proceeded with; that the suspension would not have been raised had it not been for the agreement; that the property was sold and the defendant bought it in for $575, cash; that a short time thereafter the attorney for the plaintiff had an opportunity to lease the property for a sufficient amount to pay off the indebtedness, which sum was tendered to the book keeper of the defendant as the defendant could not be found; that on August 11, 1936 the defendant received $1,600 for an oil and gas lease on the property; that the $1,600 was more than sufficient to pay off the indebtedness of the plaintiff; that demand was made on the defendant to comply with his contract as embodied in the moratorium judgment; that the defendant further breached the contract by having notice served on - the plaintiff to vacate the premises; that the moratorium would not have been raised except for the agreement; and that the plaintiff is entitled to a specific performance of the contract. It is alleged in the alternative that the suspension was secured by misrepresentation and fraud; that the writ of seizure and sale was improperly issued;. that no notice was given to the plaintiff; and that the property was not advertised according to law. It is alsp alleged in the alternative that the sale was a nullity because the plaintiff has remained in continual possession of the property and that no seizure was had of the property or possession taken by the sheriff and that the property has never been in the possession of the sheriff. The plaintiff reserved her right to sue for damages, etc. The plaintiff prayed that the contract embodied in the moratorium judgment be specifically performed by the defendant; that the defendant be ordered to convey the mineral deed to the plaintiff; in the alternative that the sale from the sheriff to the defendant in the foreclosure proceeding be- declared null and void; that the plaintiff be decreed the owner of the 160 acres of land; and that the plaintiff’s right to sue for damages be reserved. The defendant interposed exceptions of no cause or right of action which were overruled by the court. The plaintiff filed a
 
 *927
 
 supplemental petition setting forth to the effect that if it should appear the $1,600 received for the lease was not sufficient to pay the plaintiff’s indebtedness to the defendant that the plaintiff be allowed to pay whatever difference there might be which is specially tendered. • The defendant answered the petition, which in effect was a general denial. The plaintiff filed a plea of estoppel and a motion to strike. The grounds upon which the plea of estoppel was based are: (1) that the defendant is bound by the moratorium judgment and is legally as well as equitably estopped from denying the terms and conditions of it and (2) that the defendant acting on the judgment had the property sold and
 
 acquired
 
 it in his own name thereby having accepted the judgment in part he would now be estopped from contesting any part of it. The plaintiff moved to strike from defendant’s answer any allegation tending to contradict, vary, alter or deny the agreement set out in the moratorium judgment. Upon trial of the case judgment was rendered in favor of the plaintiff. Anna Jordan having died prior to the rendition of the judgment, her heirs were made parties plaintiff. The defendant' filed a motion for a new trial based on the grounds: (1) that the judgment is contrary to the law and evidence; (2) the lower court erred in sustaining the plea of estoppel without allowing the defendant to testify explaining the statements made by him at the moratorium hearing; and (3) that the judgment of the moratorium commissioner contained misstatement of facts and findings which have been corrected by an order of the moratorium commissioner by order of date April 27, 1938 and the statement of the deputy commissioner, both of which are attached to the motion. The pertinent part of the purported corrected order reads:
 

 “The creditor agrees that in the event he purchases at Sheriff’s Sale the property mortgaged to secure the above debt, he will furnish applicant a home and such land as
 
 she can
 
 cultivate — rent free. He further agrees that if he receives full payment of the above debt from the sale of any of the oil leases or royalties, he will deliver to applicant any remaining royalties on eighty (80) acres of the mortgaged property.
 

 “From the facts submitted at the rehearing it does not appear that applicant is entitled to a further suspension of laws.
 

 “A further suspension of laws herein is refused.”
 

 The motion for a new trial was denied. The judgment of the lower court orders the defendant to specifically perform his agreement contained in the moratorium judgment by conveying the mineral' right and royalties in the 160 acres of land to the plaintiff. The defendant was'ordered to accept $42 to make up the balance due him, tender of which had been made, and sustained the plea of estoppel. It was further ordered that in event the defendant fails to execute ■ the deed conveying the property and minerals to the plaintiff within ten days after the judgment becomes final that in that event the judgment herein be ordered to stand as a conveyance of the mineral rights to the plaintiff. Costs
 
 *929
 
 to be paid by the defendant. From this judgment the defendant appeals.
 

 The defendant in support of his exceptions of no cause or right of action contends that from the plaintiff’s allega-. tions the defendant did not, execute in writing any contract or agreement. The defendant in support of his exception of no cause or right of action contends that mineral rights are classed as an immovable. This cannot be disputed. The defendant contends and cites a list of authorities to effect that title to real estate can never be established except by written evidence; that pleadings which do not allege contracts in writing cannot be enforced; and that an exception of no cause of action to such a suit should be readily sustained. This proposition of law is not disputed herein. Neither of the contentions so far advanced by the defendant is applicable because the plaintiff is not relying on parol testimony but is relying on the written judgment of the moratorium commissioner. The defendant contends that Act
 
 2
 
 of the Second Extra Session of 1934 does not create any court, does not provide for the sworn taking of testimony, and is not such a court that can be termed judicial. Under the moratorium act the commissioner has the authority to render judgments suspending the orders, decrees or judgments of any court in the State where proceedings have been instituted to enforce the collection or payment of debt or for the enforcement or foreclosure of any lien, privilege or mortgage securing the same. The. commissioner is- invested with jurisdiction to confirm and approve a compromise settlement or a composition when it is agreed to in writing. The act provides that the decision of the commissioner may be reviewed, and also provides that an appeal may be taken to a .court of competent appellate jurisdiction. This clearly shows that the moratorium commissioner can render decisions or judgments and exercise judicial functions.
 

 The defendant contends that the settlement would have to be agreed to in writing prior to the time it was confirmed and approved by the moratorium commissioner. The plaintiff and defendant having agreed to a settlement and had it embodied in the judgment itself, which is reduced to writing, and confirmed and approved by the moratorium commissioner, would be bound by the judgment as it is a substantial compliance with the moratorium act. No application was made for review nor any appeal taken. Moreover, the defendant has taken advantage of the part of the judgment advantageous to him, had the property sold and acquired it at the foreclosure sale. The judgment has become final and is binding on all the parties thereto. Furthermore, the defendant who has acted on the judgment and received the benefit therefrom cannot now be heard to dispute it The defendant would be estopped from denying the terms and conditions of the agreement embodied in the judgment-. Article 2291, R.C.C.; Farley v. Frost-Johnson Lumber Co., 133 La. 497, 63 So. 122, L.R.A.1915A, 200, Ann.Cas. 1915C, 717; Abbot v. Wilbur, 22 La. Ann. 368; Fowler & Stillman v. Stevens, 29 La.Ann. 353; Johnson v. Levy & Bro.,
 
 *931
 
 109 La. 1036, 34 So. 68; Coleman v. Jones & Pickett, 131 La. 803, 60 So. 243; Mohawk Oil Co. v. Layne, 147 La. 895, 86 So. 322; Succession of Williams, 168 La. 1, 121 So. 171.
 

 The defendant contends that he did not know that the order or judgment of the moratorium commissioner contained the agreement to transfer the mineral rights to the plaintiff and that he was taken by surprise at the filing of this suit. The defendant did not testify that he did not receive a copy of the judgment at the time it was rendered, but testified that he did not recall that he had. The attorney who represented the defendant at the moratorium hearing testified that if a copy of the judgment was mailed to his office at the time it was rendered he did not read it and did not guess that such a stipulation was placed in the order. This is all the testimony that was offered on behalf of the defendant to the effect that he did not have knowledge of the contents of the moratorium order or judgment. The attorney for the plaintiff testified that he received a copy and that the plaintiff received a copy. It was shown that' it was customary for the moratorium commissioner to send copies of judgments they rendered to the parties at interest and their attorneys. Furthermore, it was necessary to have the judgment showing that a further suspension was refused before the foreclosure proceedings could be proceeded with. The moratorium judgment was rendered on December 21st, 1935, and on April 27th, 1938 the moratorium commissioner, ex parte, executed what is termed a corrected order attempting to correct the judgment rendered December 21st, 1935. The moratorium commissioner could not change this judgment, ex parte, Article 548, Code of Practice.
 

 For the reasons assigned, the judgment is affirmed at appellant’s cost.